UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DA'CHARLES KNUCKLES,

    Plaintiff,                     CASE NO. 2:24-CV-10064
                                 HONORABLE PAUL D. BORMAN
v.                            UNITED STATES DISTRICT JUDGE

BRANDON SZEMITES,

    Defendant,
_____/

## OPINION AND ORDER SUMMARILY DISMISSING CIVIL RIGHTS COMPLAINT

Da' Charles Knuckles, (Plaintiff), is an inmate currently confined at the Genesee County Jail in Flint, Michigan. On January 9, 2024, he initiated the instant action by filing a civil rights complaint alleging cruel and unusual punishment. (ECF No. 1.) He also filed an application to proceed without prepaying fees or costs, attaching a computerized trust fund account statement that did not include a signed certification as required by 28 U.S.C. § 1915(a)(2) (ECF No. 2), and a motion to waive filing fees. (ECF No. 4.)

On January 10, 2024, Magistrate Judge David R. Grand signed an Order of Deficiency. (ECF No. 5). The Order required the Plaintiff to provide a signed certification of his jail trust account from an authorized jail official. The Order alternatively allowed Plaintiff to pay the $350.00 dollar filing fee, plus the $52.00

1

administrative fee, in full. The Plaintiff was given thirty days to comply with the Order. To date, Plaintiff has failed to submit a signed certification regarding his jail trust fund account to the Court, nor has he paid the filing fee.

28 U.S.C. § 1915(a)(2) requires a prisoner who seeks to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust fund account statement for that prisoner. The certified statement must cover the six month period immediately preceding the filing of the complaint or notice of appeal, and it must be obtained from the appropriate official of each prison at which the prisoner is or was confined. *Id.*; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199, 203 (2007).

If a prisoner who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court is required to advise the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. *McGore*, 114 F.3d at 605. If the inmate fails to comply with the district court's directions, "[t]he district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees." *Id.* The district court must then order that the case be dismissed for want of prosecution. *Id.*; *see also Erby v. Kula*, 113 F. App'x 74, 75 (6th Cir. 2004) (concluding the district court did not abuse its

discretion by dismissing the case for want of prosecution where plaintiff failed to comply with the deficiency order regarding documentation needed to proceed *in forma pauperis*).

Plaintiff has failed to provide the Court with a signed certification regarding his trust fund account. An uncertified trust fund account statement, or one that lacks a signature, is insufficient to satisfy the filing requirements for permitting a prisoner to proceed *in forma pauperis* under § 1915(a)(2). Nor does it cure the deficiency in this case. *See Hart v. Jaukins,* 99 F. App'x 208, 209-10 (10th Cir. 2004) (dismissing appeal as premature and for failing to state a claim where plaintiff-appellant "submitted a trust fund account statement, apparently oblivious to the necessity for certification"); *see also Ward v. Doe,* No. 2:12-CV-14296, 2013 WL 3213326, at *1 (E.D. Mich. June 26, 2013).

Plaintiff therefore has failed to correct the deficiency order, and the Court will dismiss the complaint without prejudice for want of prosecution based upon Plaintiff's failure to fully comply with the deficiency order. *See e.g. Erby v. Kula,* 113 F. App'x 74, 75-76 (6th Cir. 2004).

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the Complaint under 28 U.S.C. § 1915(a)(1) and (b)(1) and (2) for failure to comply with the filing requirements of the Prison Litigation Reform Act. The Court also **DENIES** Plaintiff's Motion to Waive Filing Fees (ECF No. 4).

Nothing in this order precludes Plaintiff from filing a new civil rights complaint under a new case number so long as he pays the filing and administrative fees or provides the complete and correct information necessary to proceed without prepayment of fees.

**SO ORDERED.**

Dated: February 23, 2024                  <u>s/ Paul D. Borman</u>
                                                                Paul D. Borman
                                                                United States District Judge